UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

FILED
MAR 29 2019

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KENTON DAYNE EAGLE CHASING,<br><br>Defendant. | 3:02-CR-30120-CBK<br><br><br><br>ORDER |

Defendant pleaded guilty to second degree murder and was sentenced by the undersigned on May 10, 2004, to 168 months imprisonment followed by five years supervised release.

Defendant was released to supervision on April 28, 2015. He was arrested on a petition to revoke supervised release on December 3, 2015. His supervised release was revoked on January 5, 2016, and he was sentenced to ten months imprisonment followed by three years supervised release.

Defendant was released to supervision on September 30, 2016. He was arrested on a second petition to revoke supervised release on November 18, 2016. His supervised release was revoked on January 6, 2017, and he was sentenced to 20 months imprisonment followed by 30 months supervised release. He appealed his revocation sentence and the United States Court of Appeals for the Eighth Circuit affirmed. United States v. Eagle Chasing, 2018 WL 1602972, 717 Fed. Appx. 647 (8th Cir. 2018).

Defendant was released to supervision on May 1, 2018. He was arrested on a third petition to revoke supervised release on July 27, 2018.

Defendant has filed a motion for recusal and transfer to another judge. The defendant questions this Court's impartiality based upon my previous imposition of a sentence upon the defendant's second revocation of supervised release which exceeded the discretionary guideline range. Defendant further states that he desires to be sentenced as soon as possible, prior to May or June, 2019.

Defendant has filed an affidavit wherein he contends that I previously failed to provide a basis for imposing a sentence in excess of the guideline range, that he is concerned that I will sentence him to the maximum sentence available upon his third revocation without considering the sentencing factors set forth in 18 U.S.C. § 3553, and that I have predetermined the sentence that I will impose which raises a concern that I am biased or prejudiced.

Pursuant to 28 U.S.C. § 455(a), a United States District Judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Judges are "presumed to be impartial" and the defendant "bears the substantial burden of proving otherwise." United States v. Dehghani, 550 F.3d 716, 721 (8th Cir. 2008).

Defendant contends that I am biased against him based upon the facts of his case and my previous sentencing decisions in his case. The bias necessary to require recusal must come from an extra-judicial source – opinions formed by the judge on the basis of facts learned during the course of prior proceedings do not ordinarily constitute a basis for a finding of bias. United States v. Martin, 757 F.3d 776, 778 (8th Cir. 2014). My previous unfavorable ruling in defendant's case "does not raise an inference of bias or require the trial judge's recusal." Harris v. State of Mo., 960 F.2d 738, 740 (8th Cir. 1992). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994) ("Almost invariably, they are proper grounds for appeal, not for recusal."). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994). No deep-seated favoritism or antagonism exists in this case.

Recusal is not required when it appears the defendant is attempting to manipulate the judicial system by judge shopping. United States v. Beale, 574 F.3d 512, 519-20 (8th Cir. 2009). Motions to recuse should not "be viewed as an additional arrow in the quiver of advocates in the face of [anticipated] adverse rulings." In re Kansas Pub. Employees Ret. Sys., 85 F.3d 1353, 1360 (8th Cir. 1996) (*quoting* TV Communications Network, Inc. v. ESPN, Inc., 767 F.Supp. 1077, 1081 (D.Colo.1991)).

Petitioner is facing a third revocation of supervised release. His second sentence of 20 months imprisonment for violating his second period of supervised release was above the discretionary guideline range. That range was based upon his violation conduct. The guideline range did not take into account that it was defendant's second revocation. The Eighth Circuit held that the sentence I imposed, which was based upon record evidence, was not an abuse of discretion. United States v. Eagle Chasing, *supra*.

Petitioner is apparently concerned about the length of the sentence he faces upon his third revocation. His concern is well placed. Defendants who continue to flaunt the orders of the Court by violating the conditions imposed upon them rightly assume that they will be subject to harsher penalties with each additional revocation. However, increased punishment does not reflect any personal bias or prejudice against any defendant but instead is reflective of the defendant's conduct in the case. I bear no bias or prejudice against this defendant personally.

Disqualification of a judge under 18 U.S.C. §§ 144 and 455 is not required where the defendant has not filed a timely, legally sufficient affidavit. Holloway v. United States, 960 F.3d 1348, 1354-55 (8th Cir. 1992). Defendant has identified no evidence that I harbor a personal bias or prejudice against him based upon any extra-judicial matter. The contention that I previously imposed a harsher sentence than called for by the guidelines, while true, is not legally sufficient to show bias or prejudice.

Finally, the motion to recuse and affidavit are untimely. Petitioner was arrested on the third petition to revoke on July 27, 2018. He requested a preliminary hearing and that hearing was twice set and continued at defendant's request. He was adamant that counsel raise a legal challenge to revocation based upon alleged advice of penalties given to him in 2002. Counsel moved to withdraw based upon the deterioration of the attorney/client relationship.

Substitute counsel was appointed on October 11, 2018. At defendant's behest, the preliminary hearing on the petition to revoke was set and moved five times. The preliminary hearing was finally held on February 20, 2019. The United States Magistrate Judge found probable cause to believe that the defendant violated the conditions of supervised release and a revocation hearing was set for March 6, 2019. The defendant twice requested that hearing be delayed.

Following the magistrate's finding of probable cause, the defendant filed a motion for a copy of the 2004 change of plea transcript, asserting that he was mis-advised at that hearing as to

3

the maximum revocation penalty he faced. The Eighth Circuit set forth in its opinion affirming the second revocation sentence the pre-PROTECT Act penalties faced by the defendant upon revocation. I issued an order denying the motion for a transcript wherein I set forth that advice of the collateral consequences of violation of supervised release is not required at a change of plea hearing and that the defendant was, nonetheless, properly advised of such penalties. I further set forth that the defendant failed to timely raise any claimed irregularities in the advice of penalties. The motion to recuse was promptly filed after I denied defendant's motion for a copy of the transcript of his 2004 change of plea hearing. The fact of the matter is that no such transcript exists. The court reporter from the hearing has been retired for many years. I cannot order reproduction of a transcript that does not exist.

The extremely late filing of the motion to recuse is further evidence that the defendant is attempting to manipulate the judicial system. Any claim that I should recuse should have been made, if at all, seven months ago. Any claim that the defendant should be entitled to a hearing before a different judge so that his case can now be expedited is disingenuous and is made in bad faith.

Now, therefore,

IT IS ORDERED that the defendant's motion, Doc. 188, for recusal and transfer of his case to another judge is denied.

DATED this 25th day of March, 2019.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

4